UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RAGGIO, CAPPEL, CHOZEN & BERNIARD** | : | **DOCKET NO. 06-1981** |
| **VS.** | : | **JUDGE MINALDI** |
| **THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

On September 25, 2006, the law partnership of Raggio, Cappel, Chozen & Berniard filed the instant suit in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana. Made defendant was The Hartford Steam Boiler Inspection and Insurance Company ("Hartford"). Plaintiff alleges that the partnership suffered damages to property and lost income due to the effects of Hurricane Rita. (Petition, ¶ 4). Plaintiff was insured by a policy issued by Hartford. *Id.* at ¶ 3. After the storm, plaintiff filed the requisite proof of loss, but Hartford denied the claim. *Id.* at ¶ 5. Accordingly, plaintiff seeks to recover its property damage and business income loss, plus penalties and attorney's fees. (Petition, Prayer).

On October 30, 2006, Hartford removed the case to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. On November 13, 2006, plaintiff filed the instant motion to remand [doc. # 6] on the basis that the requisite threshold amount for the exercise of diversity jurisdiction ($75,000+) is lacking. The matter is now before the court.[1]

---

[1] The motion to remand has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A)

In cases removed to federal court on the basis of diversity, it is incumbent upon the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d. 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiff has, in effect, conceded in its state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.

The foregoing notwithstanding, the court observes that plaintiff has alleged that its claims for property damage and lost income exceed $ 50,000. (Petition, ¶ 4). This sum ($ 50,000+) coupled with plaintiff's demand for penalties and attorney's fees easily push the amount in controversy beyond $ 75,000. *See*, La. R. S. §§ 22:658 & 22:1220. (Petition, ¶ 5) [2]

In connection with its motion to remand, plaintiff has adduced an affidavit wherein its

---

[2] Depending on the retroactivity of the June 30, 2006, amendment to Louisiana Revised Statute 22:658, the penalties can be up to 50 percent of the damages claim.

senior partners aver that the partnership's claim for policy benefits does not exceed $ 75,000. (Pl. Exh. A). Aside from the fact that the affidavit does not address plaintiff's claims for penalties and fees, it is axiomatic that when resolving a motion to remand, we look at jurisdictional facts as they exist *at the time the case was removed. Asociacion Nacional De Pescadores v. Doe Quimica*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir.1998)(*"ANPAC"*). "While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000)(citing, *ANPAC, supra*).

In the case sub judice, there was no ambiguity as to the amount in controversy at the time of removal. It was facially apparent that plaintiff's damages exceeded the jurisdictional threshold. Thus, we cannot consider plaintiff's post-removal affidavit in assessing the amount in controversy. *Gebbia, supra*.

Accordingly, the undersigned finds that defendant has established by a preponderance of evidence that the amount in controversy exceeds $ 75,000. We may properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's motion to remand [doc. # 6] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on December 29, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE